UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,              )
    Plaintiff,                    )
                                  )
        v.                        )   C.A. No. 1:20-12080-MLW
                                  )
WILLIAM FRANCIS GALVIN, in        )
his official capacity as the      )
Secretary of the Commonwealth     )
of Massachusetts,                 )
    Defendant.                    )

MEMORANDUM AND ORDER

WOLF, D.J.                                      November 24, 2020

On November 20, 2020, Dr. Shiva Ayyadurai, pro se, characterizing himself as a "petitioner" rather than "plaintiff," filed this case ("Galvin II") against William F. Galvin in his official capacity as the Secretary of State of the Commonwealth of Massachusetts. In this case, plaintiff Ayyadurai seeks to enjoin the defendant from certifying the Massachusetts election results for the September 1, 2020 Republican primary and November 3, 2020 general election for United States Senate, in both of which Ayyadurai was a candidate.[1] Based on information he allegedly received in September 2020, plaintiff contends that the defendant violated 52 U.S.C. §20701 by destroying electronic images of ballots. He asks the court to enjoin defendant from certifying

---

[1] Ayyadurai was a write-in candidate for the November 3, 2020 election.

the primary and general Senate election results until a recount of all paper ballots is completed.

When filed, this case was designated by plaintiff as related to Ayyadurai v. Galvin, et al., C.A. 20-11889-MLW ("Galvin I"), which is assigned to this court. In Galvin I plaintiff alleges, in effect, that in violation of the First Amendment, the Secretary of State coerced Twitter to delete plaintiff's tweets claiming that defendant unlawfully destroyed Republican primary ballots, and caused Twitter to close his account before the November 3, 2020 election. As a result of plaintiff's designation, this case was assigned by the Clerk to this court.

On November 23, 2020, plaintiff filed an Emergency Motion for Preliminary Injunction (Dkt. No. 6) (the "Motion") and a supporting Memorandum (Dkt. No. 7). He did not file an affidavit in support of the Motion. Although not alleged in the verified Complaint (Dkt. No. 1), plaintiff asserts in his Memorandum that the final certification of ballots by defendants is expected this week. See Dkt. No. 7 at 1.

The Motion does not include a certification that counsel have conferred and attempted in good faith to revolve or narrow the issue as required by Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts. In Galvin I, plaintiff was informed of this requirement and of the fact that "'pro se status does not free a litigant in a civil case

2

of the obligation to comply with the procedural rules.'" See C.A. No. 20-11889-MLW Dkt. No. 17 (quoting Rivera v. Riley, 209 F.3d 24, 27-28, & n.2 (1st Cir. 2000)).

It is questionable whether Galvin II was properly designated as related to Galvin I and assigned to this court rather than randomly assigned. Local Rule 40.1(g) states, in pertinent part, that civil cases are deemed related if "some or all of the parties are the same" and "the cases involve the same or substantially similar issues of fact." Galvin I and Galvin II have common parties. Both cases also include allegations that the defendant unlawfully destroyed ballots. However, the truth of that allegation is not at issue in Galvin I, which will turn on whether the state coerced or so significantly encouraged Twitter's conduct concerning Ayyadurai that it should be deemed government action subject to the First Amendment. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1992). The validity of the allegation that the defendant unlawfully destroyed ballots will be central to the merits of Galvin II. As the plaintiff has filed the motion for preliminary injunction, the court is not deciding now whether to return this case to the Clerk to be randomly reassigned. See L.R. 40.1(g)(4). However, the court is ordering the parties to address this issue. See, e.g., Soni v. Boston Medical Center, 08-11874, 2008 WL 5412833, at *1 (D. Mass. Dec. 11, 2008); Comm. On Judiciary v. McGahn, 91 F.Supp.3d 116, 120 (D.D.C. 2019); Sherfey v. Johnson

3

& Johnson, Civ. A. No. 12-4162, 2012 WL 3550037, at *2-3 (E.D.Pa. Aug. 17, 2012).

As this court has previously written, and as plaintiff was informed at the October 30, 2020 hearing in Galvin I:

> [I]t is axiomatic that a request for a preliminary injunction is a request for equitable relief. It is not a remedy which issues automatically. Rather, the court must exercise sound discretion. In doing so, the court must pay particular attention to the public consequences of issuing an injunction. As the Supreme Court has said on several occasions:
>
>> "The award of an interlocutory injunction has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff ... where an injunction is asked which will adversely affect the public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the Court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff."

Converse Construction Co., Inc., v. Massachusetts Bay Auth., 899 F. Supp 753, 760 & notes 25-29 (D. Mass. 1995) (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982)).

Delay in seeking a preliminary injunction is an important equitable consideration, particularly in a case such as this, Galvin II, that seeks to disrupt finalizing the results of two elections. As a court in the Southern District of Texas recently wrote concerning a challenge to drive-thru voting:

4

> ["T"]he promptness with which one brings an injunction action colors both the elements of likelihood of success on the merits and irreparable harm. See Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 685 (2014) ("In extraordinary circumstances, however, the consequences of a delay in commencing suit may be of sufficient magnitude to warrant, at the very outset of the litigation, curtailment of the relief equitably awardable."); Environmental Defense Fund, Inc. v. Alexander, 614 F.2d 474, 478 (1980) ("equitable remedies are not available if granting the remedy would be inequitable to the defendant because of the plaintiff's long delay."). Here, the Court finds that the Plaintiffs did not act with alacrity.

Hotze v. Hollins, 4:20-CV-03709, 2020 WL 6437668, at *3 (S.D. Tex. Nov. 2, 2020).

Similarly, to the extent his claims in this case, Galvin II, concern the September 1, 2020 Republican primary, plaintiff could have asserted them months ago and, if promptly presented, at least a motion for preliminary injunction could have been decided before the November 3, 2020 general election. Plaintiff alleges that he suspected that Galvin failed to comply with 52 U.S.C. §20701 as early as September 9, 2020, see Complaint (Dkt. No. 1) at 5, and that he confirmed his suspicions through an email exchange with the Office of the Secretary of State on September 24, 2020, see id. at 8-11. However, he offers no explanation as to why he did not initiate this case, Galvin II, at that time. Plaintiff's claims concerning the November 3, 2020 general election mirror his claims concerning the primary. However, to the extent, if any, that they raise different issues, they could have been asserted well before November 20, 2020.

5

The court has no evidence that defendant has been served with the Complaint or the Motion, both of which plaintiff unduly delayed in filing. Despite being admonished in <u>Galvin I</u> that he must obey the applicable rules and, among other things, confer with opposing counsel before filing a motion, plaintiff evidently did not do so with regard to his request for a preliminary injunction. In addition, plaintiff's contention that defendant is expected to certify the final the results of the elections this week is unverified. In these circumstances, it is not appropriate to order the defendant to respond to the Motion immediately.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall serve his submissions and this Order on defendant forthwith.

2. Plaintiff shall confer with counsel for defendant concerning the Motion as required by Local Rule 7.1(a)(2), and report the results of that discussion.

3. If the Motion is not resolved by agreement, plaintiff shall file an affidavit in support of it.

4. Defendant shall respond to the Motion four business days after the filing of plaintiff's affidavit in support of it.

5. Any reply shall be filed two business days later.

6. Plaintiff and counsel for defendant shall also confer concerning whether <u>Galvin II</u> is related to <u>Galvin I</u> within the meaning of Local Rule 40.1(g)(1). If after conferring, plaintiff maintains that the cases are related, he shall promptly file a memorandum in support of his position. Defendant shall file a memorandum addressing this issue two business days later.

 

_____
UNITED STATES DISTRICT JUDGE