UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,

                    Plaintiff,

          v.                                            CIVIL ACTION
                                                        NO. 1:20-cv-12080-MLW
WILLIAM FRANCIS GALVIN, in his official
capacity as the Secretary of the Commonwealth
of Massachusetts,

                    Defendant.


**OPPOSITION TO PLAINTIFF'S REQUEST TO DESIGNATE THIS MATTER AS A
RELATED CASE UNDER LOCAL RULE 40.1**

Pursuant to this Court's Order of November 24, 2020, the Defendant, William F. Galvin in his official capacity as the Secretary of the Commonwealth, submits this brief in opposition to Plaintiff Shiva Ayyadurai's attempt to designate this case ("Galvin II") as related to an earlier filed case brought by Plaintiff against the Secretary and other defendants, Ayyadurai v. Galvin et al., Docket No. 1:20-cv-11889-MLW ("Galvin I").

Local Rule 40.1(g)(1) provides, in relevant part, that "a civil case shall be deemed related to another civil case only if" (a) "some or all of the parties are the same" and (b) the cases involve the same or substantially similar issues of fact or the cases arise out of the same occurrence, transaction, or property. Although some of the parties in these two cases are the same – Plaintiff and one of the named Defendants from Galvin I are the parties here – Galvin II does not involve the same or substantially similar issues of fact as Galvin I, nor does it arise out of the same occurrence as the earlier-filed case. As this Court observed in the Order of November 24, 2020, Galvin I presents a First Amendment claim: whether the state coerced Twitter to delete Plaintiff's Tweets or to suspend Plaintiff's Twitter account.[1] Galvin II, by contrast, turns on Plaintiff's allegations that the Commonwealth violated a federal criminal statute in counting votes during the September 1, 2020 primary election. Although there is some superficial overlap between the two cases – namely Plaintiff's baseless assertion that the Commonwealth destroyed ballots – the core allegations and legal issues that underly Galvin I are

---

[1] The Secretary disputes that he has somehow evaded service in Galvin I, as Plaintiff speculates. The Secretary does not have – and never has had – state police assigned to his home. It is, of course, Plaintiff's responsibility to effect service on all defendants in Galvin I, and in any event, (1) the Secretary's attorneys have encouraged Plaintiff to send them a form waiver of service that can be presented to the Secretary, and (2) a summons was delivered to the Secretary's home on Thanksgiving day.

entirely distinct from those in <u>Galvin II</u>.  While the truth of the ballot-destruction and vote-altering allegations are central factual issues of this case, they are not germane at all to <u>Galvin I</u>.

As a result, the litigation of these two cases will inevitably take different paths: discovery will develop different relevant facts, the parties will present different legal issues and arguments to the Court, and the Court will ultimately resolve fundamentally different legal claims. <u>Compare</u> <u>Shedlock v. Spencer</u>, No. CIV.A. 11-11603-NMG, 2012 WL 1358645, at *1 (D. Mass. Apr. 17, 2012) (finding two cases unrelated under Local Rule 40.1 in part because "the two cases do not involve the same claims, events, or questions of fact and law") <u>with</u> <u>Khojah v. Moniz</u>, No. CV 19-12508-PBS, 2020 WL 93954, at *1 (D. Mass. Jan. 8, 2020) (concluding that two cases are "related" under Local Rule 40.1 where they "involve the same claim").  Accordingly, as Plaintiff's two suits against the Secretary do not involve the same issues of fact or arise out of the same occurrences, the Secretary objects to Plaintiff's designation of these two cases as related pursuant to Local Rule 40.1(g)(6) and urges this Court to have <u>Galvin II</u> randomly reassigned.

<div style="margin-left: 40%;">

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO No. 666296)
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2524
Anne.Sterman@mass.gov
(617) 963-2048
Adam.Hornstine@mass.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

 I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that a copy will be sent to those indicated as non-registered participants by email on December 1, 2020.

<div align="right">

/s/ Adam Hornstine

Adam Hornstine
Assistant Attorney General

</div>