UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:20-cv-12080-MLW |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

MAURA HEALEY
ATTORNEY GENERAL

Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO No. 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Dated: December 4, 2020

**TABLE OF CONTENTS**


INTRODUCTION ........................................................................ 1

ALLEGATIONS OF THE COMPLAINT ........................................................................ 2

ARGUMENT ........................................................................ 2

I. STANDARDS OF REVIEW ........................................................................ 2

II. PLAINTIFF'S CLAIM IS MOOT BECAUSE THE ELECTION RESULTS HAVE BEEN CERTIFIED. ........................................................................ 4

III. PLAINTIFF DOES NOT IDENTIFY A PRIVATE RIGHT OF ACTION. ........................................................................ 5

CONCLUSION ........................................................................ 7

## INTRODUCTION

Plaintiff Shiva Ayyadurai ran for the Republican party's nomination for U.S. Senate in 2020. On September 1, 2020, he lost his primary election by approximately twenty percentage points. He did not seek a recount, although state law provided him a vehicle to do so. Nor did he notice an election contest, as state law also allowed him to do. Instead, nearly three months after the primary election, and three weeks after the general election, he asks this Court to interfere with the administration of a state election by creating a private cause of action where none exists so as to stop Secretary of the Commonwealth William F. Galvin from certifying the results of the Senate race – even though the Secretary is not the state official charged with certifying election results. He seeks this significant and untimely remedy in conjunction with a similarly untimely request for an order to hand recount of the ballots from the September 1, 2020 primary, even though the deadline for doing so has long since passed, the results of the election have now been officially certified by the Governor's Council, and his request is based on a fundamental misunderstanding of how ballots are marked, tabulated, and maintained by the Commonwealth.

The Court should dismiss this extraordinary suit for two reasons: (1) Plaintiff's request is moot because the election results have now been certified and transmitted to the United States Senate by the Governor and Council;[1] and (2) the sole legal claim in this suit does not provide a private right of action. Accordingly, Plaintiff's Complaint fails both because this Court lacks jurisdiction and because he fails to state a plausible claim.

---

[1] The Governor and Council, not the Secretary, are responsible for certifying the results of the general election under Massachusetts state law. See Mass. Gen. Laws Ann. ch. 54, § 115.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff Shiva Ayyadurai ran unsuccessfully for the Republican party's nomination for U.S. Senate in the September 1, 2020 Massachusetts primary election. Compl. at 4. Following his loss during the September 1 primary election, which Plaintiff alleges was contrary to his internal polling that showed him leading in all counties in the Commonwealth, Plaintiff's campaign submitted public records requests in various cities and towns across the Commonwealth seeking the list of voters who participated in the primary in each of those cities and towns. Compl. at 4-5. Plaintiff alleges that in all of the seven cities/towns that provided data in response to his campaign's request, the number of tabulated votes exceeded the number of voters shown to have voted. Compl. at 5. Based on his alleged engineering and mathematical expertise, Plaintiff allegedly determined that his votes had been weighted thus causing his loss. Compl. at 5-6. He further alleges that the electronic tabulation equipment used by many municipalities creates ballot images, but that the Secretary's office has confirmed that it deleted those ballot images in violation of federal law. Compl. at 7-13. As a result, he alleges that the paper ballots from the September 1, 2020 primary must be hand audited, and he asks this court to enjoin the certification of the November 3, 2020 election. Compl. at 14.

## ARGUMENT

### I. STANDARDS OF REVIEW.

To survive a jurisdictional challenge under Rule 12(b)(1), the party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). This rule is a large umbrella, "overspreading a variety of different types of challenges to subject-matter jurisdiction," including considerations of mootness and the existence of federal question jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). There are two types of Rule

12(b)(1) challenges, facial and factual. If the 12(b)(1) motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint. Torres–Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007). If the 12(b)(1) motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction. Id.

Under a facial challenge, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentin, 254 F.3d at 363. A facial attack only requires a court to examine the complaint and determine whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction." Torres–Negrón, 504 F.3d at 162. By contrast, when "a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) involves factual questions ... the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action." Id. at 162–63. "[I]f the facts relevant to the jurisdictional inquiry are not intertwined with the merits of the plaintiff's claim, ... 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Id. at 163 (citation omitted). However, "where the jurisdictional issue and substantive claims are so intertwined the resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." Id. (internal citation, quotation, and punctuation omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The grounds of entitlement to relief set forth in the complaint must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In evaluating this motion to dismiss,

the Court must assume the truth of "all well-plead[ed] facts," and consider documents referenced in the complaint, but conclusory allegations or "naked assertion[s]" devoid of "further factual enhancement" should be disregarded, as should legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-86 (2009). Thus, Plaintiff must do more than demonstrate "a sheer possibility that a defendant has acted unlawfully." Id. at 678 (internal quotations omitted). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotation marks and original alterations omitted).

## II. PLAINTIFF'S CLAIM IS MOOT BECAUSE THE ELECTION RESULTS HAVE BEEN CERTIFIED.

Plaintiff seeks through his Complaint an injunction preventing the Secretary from certifying the results of the Senate election. But on November 25, 2020, the Governor and Council – not the Secretary – certified the final results of this election, declaring that Senator Edward J. Markey had won the state's U.S. Senate election. See Affidavit of Michelle K. Tassinari (attached as Exhibit A), ¶¶ 4-6. Further, on November 30, 2020, the Governor signed a Certificate of Election, attested to by the Secretary, stating that Edward J. Markey was duly elected to the United States Senate. Id. That certificate was transmitted to the President of the Senate on December 1, 2020, in accordance with federal law and Senate Rules. Id. Where, as here, Plaintiff fails to identify an ongoing dispute that can be rectified by an injunction, his request for injunctive relief is moot and should be denied on this basis. This Court's jurisdiction under Article III extends only to "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl. 1. A lawsuit becomes moot—and thus no longer a case or controversy subject to federal court jurisdiction—when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Am. Civil Liberties Union of Mass. v. U.S. Conference of

Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) ("ACLU"). "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." Id. To remain subject to federal court jurisdiction, "a dispute 'must be extant at all stages of review, not merely at the time the complaint is filed." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1537 (2018). "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 71 (2013). Because the certification he seeks to enjoin has already taken place, Plaintiff identifies no ongoing or current dispute that could be enjoined by this Court; his claim is thus moot and should be dismissed because this Court lacks jurisdiction.

## III. PLAINTIFF DOES NOT IDENTIFY A PRIVATE RIGHT OF ACTION.

In his Complaint, Plaintiff claims that he is suing pursuant to 52 U.S.C. §§ 20701-20702, but these two criminal statutes do not afford Plaintiff a basis for suing in federal court. Accordingly, the Court should dismiss this Complaint because the stated basis for relief fails to provide Plaintiff with a vehicle for bringing this civil suit, and this Court thus lacks jurisdiction.

The first statute Plaintiff cites requires, in relevant part, that every "officer of election" must "retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of … Member of the Senate … are voted for." 52 U.S.C. § 20701. Willful failure to comply with this section can be punished by a fine not to exceed $1,000 or with imprisonment for a term less than one year. Id. The second law Plaintiff cites reinforces the first, providing that any person who "willfully steals, destroys, conceals, mutilates, or alters any record or paper" as required by Section 20701 can be fined not more than $1,000 or imprisoned for not more than one year. 52 U.S.C. § 20702. Both laws provide criminal sanctions for willful violation of the preservation requirement of Section 20701.

Neither statute, however, provides that a private plaintiff may sue to enforce it. Where a statute provides no private right to sue, the Court cannot infer one. The failure to identify a permissible private cause of action is fatal to Plaintiff's claim.

In Alexander v. Sandoval, 532 U.S. 275 (2001), the Supreme Court held that "private rights of action to enforce federal law must be created by Congress." Id. at 286. When a statute does not provide an express private cause of action, courts "must interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Id. Unless Congress intends to create a private right of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. at 286-87; Ziglar v. Abbasi, 137 S.Ct. 1843, 1856 (2017) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate."). In other words, "a private right of action under federal law is not created by mere implication, but must be 'unambiguously conferred.'" Allco Renewable Energy Ltd. v. Massachusetts Elec. Co., 875 F.3d 64, 69–70 (1st Cir. 2017) (citation omitted).

Where, as here, Congress gave the federal government the power to enforce these statutes through criminal sanctions – but failed to give private citizens the ability to sue under them – Congress did not intend to create a private right of action under this law. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that criminal civil rights statutes "do not give rise to a civil action for damages"); see also Alexander, 532 U.S. at 290 ("[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."). Plaintiff cannot sue to rectify any alleged violation of these criminal laws, and this suit must accordingly be dismissed because this Court facially lacks jurisdiction. See Bonano v. E. Caribbean Airline Corp., 365 F.3d 81, 83 (1st Cir. 2004) (noting that the existence of a federal

cause of action is the "linchpin of federal jurisdiction"). For the same reason, Plaintiff fails to state a claim upon which relief can be granted. See Wood v. Town of Falmouth, 419 F. Supp. 2d 3, 5 (D. Mass. 2006) (explaining that whether a federal law "affords a private right of action is a purely legal question which this Court may appropriately decide under a Rule 12(b)(6) motion to dismiss.").

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court allow this motion and dismiss Plaintiff's suit with prejudice.

Respectfully submitted,

Defendant,

WILLIAM FRANCIS GALVIN, in his official capacity,

By his attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Date: December 4, 2020

**CERTIFICATE OF SERVICE**

I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, December 4, 2020, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

/s/ Adam Hornstine
Adam Hornstine