```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,              )
     Plaintiff,                   )
                                  )
          v.                      )   C.A. No. 1:20-12080-MLW
                                  )
WILIAM FRANCIS GALVIN, in his     )
official capacity as the          )
Secretary of the Commonwealth     )
of Massachusetts,                 )
     Defendant.                   )
```

                         <u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                         December 16, 2020

On November 20, 2020, plaintiff Dr. Shiva Ayyadurai, acting <u>pro</u> <u>se</u>, filed a complaint (mistitled "Concise Statement of Claim per Rule 8") against William F. Galvin, in his official capacity as the Secretary for the Commonwealth of Massachusetts. <u>See</u> Complaint, Dkt. No. 1. In it, he alleges that irregularities occurred in the September 1, 2020 Massachusetts Republican primary election and that Galvin destroyed ballot images from that election in violation of 52 U.S.C. §§20701-20702. <u>See</u> <u>id</u>. Plaintiff seeks injunctive relief, including a preliminary injunction to prohibit Galvin from certifying the results of the November 3, 2020 General Election for the United States Senate unless and until a hand recount of the September 1, 2020 primary election is conducted. <u>See</u> <u>id</u>.

On December 4, 2020, Galvin filed a Motion to Dismiss (the "Motion"). See Dkt. No. 15. He moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint as moot because Governor Charles Baker certified the results of the November 3, 2020 election on November 25, 2020. See Memorandum in Support of Motion to Dismiss (the "Memorandum"), Dkt. No. 16 at 4; see also Exhibit A to Memorandum, Dkt. No. 16-1 at 3. Galvin alternatively moves under Rule 12(b)(6) to dismiss for failure to state a claim because 52 U.S.C. §§20701-2070 do not provide plaintiff with a private right of action. See Memorandum at 5-6.

Plaintiff filed an Opposition to the Motion to Dismiss ("the Opposition") on December 9, 2020. See Dkt. No. 20. He maintains that his case is not moot because the November 3, 2020 election results may still be decertified. See Opposition at 4-5. Plaintiff also contends that his claim is not based on 52 U.S.C. §§20701 or 20702, which he "fully knows. . .provide[] him no private cause of action." See id. at 7. As he puts it, "this case is not about suing Galvin over preservation of records, it is about electronic manipulation of the vote counts." See id. at 8.

Plaintiff's case may or may not be moot. His request for a preliminary injunction to prohibit certification of the November 3, 2020 election can no longer be granted because the Governor has already certified that election. However, the court could still grant injunctive relief decertifying the election if exceptional

2

circumstances required it. See Griffin v. Burns, 570 F.2d 1065, 1079 (1st Cir. 1978) (affirming judgment ordering a new primary election for open City Council seat). The Complaint, at 2, mentions decertification of the election once, but it does not request decertification or any other available relief.

The Complaint also fails to properly state a claim for which relief may be granted. As plaintiff acknowledges, 52 U.S.C. §§20701-20702 do not provide him with a cause of action. Nor has he adequately pled a claim related to election manipulation. In his later filings, plaintiff alleges that Galvin violated "one-person, one-vote," which is, although plaintiff does not mention it, a principle of the Equal Protection Clause. See Plaintiff's Affidavit in Support of Motion for Preliminary Injunction, Dkt. No. 11 at 4 (citing Reynolds v. Sims, 377 U.S. 533 (1964)). However, plaintiff failed to identify this "one-person, one-vote" claim, or any constitutional claim, in his Complaint. He also did not seek a remedy under 42 U.S.C. §1983, as he must to pursue an Equal Protection claim. Although plaintiff makes vague allegations of election irregularities in his Complaint, these allegations do not state a plausible claim under the Equal Protection Clause or any other plausible cause of action.

While plaintiff's pro se pleadings must be liberally construed, Hughes v. Rowe, 449 U.S. 5, 9 (1980), it is not the duty of the court "to fabricate a claim that a plaintiff has not

3

spelled out in the complaint," Wright & Miller, 5 Fed. Prac. & Proc. Civ. §1286 (3d ed. 2020). Plaintiff is obligated under Rule 8 of the Federal Rules of Civil Procedure to give the court and defendant "fair notice of what [his]... claim is and the grounds upon which it rests." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).[1] Otherwise, the defendant cannot respond to his claim and the court cannot assess its merits.

Moreover, although not raised by defendant, it appears that plaintiff may not have sued the proper party. Massachusetts General Laws ch. 54, §116 states that "the governor shall issue certificates of election to such persons as appear to be chosen to the offices of senator in congress," not the Secretary of the Commonwealth. Mass. Gen. Laws ch. 54, §116 (emphasis added). The court doubts that it could issue an injunction ordering the Governor to take any action because he is not a party to this case. See Fed. R. Civ. Pro. 65(d)(2) (defining persons bound by injunction). If the court lacks the power to redress plaintiff's alleged harm, plaintiff does not have standing under Article III of the Constitution to pursue his claims. See Lujan v. Defs. of

---

[1] The court has twice recently admonished plaintiff that he is required to comply with all procedural rules. See Dkt. No. 8 at 2; see also C.A. No. 20-11889-MLW, Dkt. No. 17. His pro se status will not shield him from consequences if he continues to fail to do so. See Rivera v. Riley, 209 F.3d 24, 27-28 & n.2 (1st Cir. 2000).

4

<u>Wildlife</u>, 504 U.S. 555, 568-69 (1992) (lack of redressability and Article III standing where necessary government agencies were not parties to the case).

Accordingly, the court could dismiss the Complaint without prejudice. It is more efficient, however, to order plaintiff to file an amended complaint adding any necessary party or parties, clarifying his claims, and stating whatever relief he now seeks. In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss, Dkt. No. 15, is DENIED without prejudice.

2. Plaintiff shall file and serve an Amended Complaint.

3. Unless otherwise ordered, defendant(s) shall respond no later than 14 days after being served. <u>See</u> F. R. Civ. P. 15(a)(3).

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE