US DISTRICT COURT FOR MASSACHUSETTS

Dr. SHIVA AYYADURAI, )
        Plaintiff, )    Case No. 1:20-CV-12080-MLW
)
    v. )
)
WILLIAM F. GALVIN, )
in his official capacity as )
Secretary of State, )
CHARLES D. BAKER )
in his official capacity as )
Governor of Massachusetts, )
        Defendants. )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

DEFENDANTS BEGIN THEIR ARGUMENT WITH A BLATANT FALSEHOOD

Defendants begin their argument by making a consciously false claim: "Plaintiff has abandoned his claim that Defendants should be held civilly liable for alleged violations of federal criminal statutes, 52 U.S.C. §§ 20701-20702, because these laws do not provide him with a private right of action." Plaintiff never relied on this statute as a claim for relief in any of his cases and the Defendants know this. Plaintiff has made this fact explicit in earlier filings in this case. For the Defendants to reassert this conscious falsehood is atrocious and unacceptable condescension towards both the Plaintiff and this court.

    Here is Plaintiff's opposition to the Defendants' other false arguments:

PLAINTIFF HAS STANDING TO BRING SUIT

Plaintiff meets every one of the *Lujan* factors. MTD II.A He has suffered an actual injury caused directly by the Defendants and this court can redress said injury by ordering a hand count of the paper ballots cast in the 2020 U.S. Senate Massachusetts Republican primary race. Despite the

1

Defendants' desperate the-sky-will-fall attempt to prevent a simple court-ordered hand count of the paper ballots, such an action would not disenfranchise a single voter in Massachusetts. Transparency is a public good. Keeping facts concealed is not in the public interest.

The Defendants do not have a single legitimate argument against a court-ordered hand count of the paper ballots. After all, Congress passed a law ordering the preservation of paper ballots, 52 U.S.C. §§ 20701-20702, for the very reason that a hand count of the paper ballots is in the public interest of the United States. This federal court must decline the Defendants' invitation to defy explicit Congressional intent.

## PLAINTIFF'S CLAIM IS A LIVE CONTROVERSY

The United States Congress passed a law, 52 U.S.C. §§ 20701-20702, which requires paper ballots to be preserved for twenty-two (22) months after each election for federal office.

If this court were to adopt the Defendants' desperately-false claim that once an election is certified by a Governor there is no live controversy anymore, this court would be in defiance of clear Congressional policy which holds that mere certification does not make concerns about an election moot. If certification made every such query moot, Congress would not require a twenty-two month period of retention. Congress has made explicit that concerns about the proper counting of paper ballots override these Defendants' fervent wish to conceal fraud. This case is as live a controversy as it could be and will stay a live controversy until twenty-two months from September 1, 2020.

This court must note adversely that the Defendants do not address the two decertifications and recertifications that the New Hampshire Governor carried out in 1974-5.

As soon as this court orders a hand count of the paper ballots, the Plaintiff fully expects the Defendants to next claim the ballots were destroyed "inadvertently" and thus unfortunately

2

unavailable.  This is not unlikely event.  This has happened before, in Florida in a U.S. House of Representatives' Primary race.  https://www.sun-sentinel.com/local/broward/fl-sb-broward-elections-supervisor-broke-law- snipes-canova-20180514-story.html

## THE ELEVENTH AMENDMENT DOES NOT BAR THIS SUIT AS VIOLATION OF FEDERAL LAW IS ONGOING

The muddled argument put forth by the Defendants suggests that the Plaintiff is a Citizen of a different state and not Massachusetts.

> "The Eleventh Amendment provides that federal jurisdiction "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state."" MTD pg. 11

This Plaintiff has been a Citizen of Massachusetts non-stop from the year 1981 and ran for federal office from Massachusetts itself.

In any event, the violation of the US Constitution and federal laws by the Defendants is ongoing and is a continuing violation. Every single day that any person occupies the seat of Senator as a result of the Defendants' use of computer algorithms to flip votes cast for this Plaintiff, the Constitution is being violated. Every single day that the people are represented by a person who was not lawfully elected but was placed there, as a direct result of a computer algorithm, there is an ongoing violation of federal law. The only remedy is to hand count the paper ballots cast and transparently establish the true choice of the people. Congress passed a law, 52 U.S.C. §§ 20701-20702, specifically for this reason.

It would be wrong for this court to simply accept the Defendants' contention that Congress did not know what it was doing when it chose a twenty-two month retention period. This court has been authorized by Congress to ensure that only properly-elected persons occupy federal seats and granted this court twenty-two months to accomplish this important task.

PLAINTIFF'S AMENDED COMPLAINT ALREADY EXCEEDS
THE PARTICULARITY STANDARD

The Defendants' desperate attempt to shift pleading standards can mean only one thing: They have failed to locate one single academic mathematician or scientist willing to destroy his/her reputation or career by filing a fake unscientific affidavit in support of Galvin and Baker. For two Defendants in power in Massachusetts, that is simply damning.

Only bought-and-paid-for unscientific mumbo jumbo can support Galvin's unsupportable claim of: *move along now, nothing to see here, and the Governor, the Governor himself has already certified the results, certified I say!*

The court must agree that this is what particularity looks like:

"Plaintiff provides this court a sworn affidavit detailing mathematical analysis that proves Galvin's declared numbers for the September 2020 Republican primary race may be achieved only if votes for the Plaintiff were multiplied by 0.666 and votes for his opponent were multiplied by 1.22. There is a **One-in-100,000 chance** of Galvin's declared numbers being the result without the use of a computer algorithm to alter the voters' choice."

"Once De-Weighting is performed to reverse the debasement by Galvin of votes cast for the Plaintiff, in Suffolk County, Plaintiff would have received 52.5% and O'Connor 43.0%."



4

The First Circuit has established, even in anti-trust and RICO cases, that the pleading standard at the Rule 12 stage is not the standard applied to motions for summary judgment. *Evergreen Partnering Group, Inc. v. Pactiv Corp.*, 720 F. 3d 33 (1st Cir. 2013) However, Plaintiff's amended complaint already exceeds any heightened pleading standard and was pled with particularity.

### PLAINTIFF HAS A VALID EQUAL PROTECTION CLAIM

The Defendants claim that the amended complaint is one of bombast, diffuse conspiracy and mathematical-sounding speculation. MTD pg. 15 The Plaintiff explicitly invited the Defendants to provide a mathematical rebuttal to the data presented via a sworn complaint and sworn affidavits submitted by identified knowledgeable experts who are ready to testify under oath in open court.

The court must note adversely that the Defendants have been unable to do so, despite Massachusetts being rich in mathematical university departments, which has led them to sniff derisively and hand out empty labels instead.

At no point does the Plaintiff's amended complaint claim that "One Person, One Vote" entails the right to have one's preferred candidates prevail. This is a hideous and callous argument coming from Defendants who multiplied all votes cast for this Plaintiff by a factor of 0.666 and produced a result that has a 1-in-100,000 chance of being real.

Where is the Defendants' rebuttal to this mathematical finding? Was this mathematical result not particular enough for them to spend their precious time on? The best response to bombast and diffuse conspiracies is scientific data. The Defendants have none.

Respect for the "state's framework" does not override the supremacy of the US Congress, which passed a law, 52 U.S.C. §§ 20701-20702, to ensure that one must be able to *ensure* that

the votes are indeed accorded equal weight rather than simply accept some state official's *ipse dixit*. The Supreme Court has declared that mere *ipse dixit* is insufficient, *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), and *ipse dixit* is all that the Defendants can provide. Following the explicit wish of Congress, enshrined in law, is not "subverting the will of voters."

Citing cases decided before vote tabulation became electronic and centralized fails to get at the core of the complaint here - the mathematically-proven use of computer algorithms - and are inapposite as guideposts. There is not one single other lawsuit in the entire United States that focuses squarely on the mathematics of electronic vote tabulation - the real crime scene in 21st century elections. The only solution now is a hand count of the preserved paper ballots, exactly as Congress intended.

The Defendants' motion to dismiss on failure to state a claim for violation of equal protection fails miserably.

CONCLUSION

As detailed above, the Defendants' motion to dismiss must be denied.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

January 22, 2020

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com

CERTIFICATE OF SERVICE

Plaintiff certifies that he served this opposition upon Defendants via counsel via ECF.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

January 22, 2020

**Dr. Shiva Ayyadurai**
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com