At a Special Term of the Supreme Court of
the State of New York held in and for the
County of Oswego on February 5, 2021.

PRESENT:   **HON. SCOTT J. DELCONTE**
Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
OSWEGO COUNTY

**CLAUDIA TENNEY**,

        Petitioner,

v.

**OSWEGO COUNTY BOARD OF ELECTIONS, ONEIDA COUNTY BOARD OF ELECTIONS, CORTLAND COUNTY BOARD OF ELECTIONS, MADISON COUNTY BOARD OF ELECTIONS, BROOME COUNTY BOARD OF ELECTIONS, TIOGA COUNTY BOARD OF ELECTIONS, HERKIMER COUNTY BOARD OF ELECTIONS, CHENANGO COUNTY BOARD OF ELECTIONS, NEW YORK STATE BOARD OF ELECTIONS, KEITH D. PRICE, JR.,** and **ANTHONY BRINDISI**,

        Respondents.

Index No. EFC-2020-1376

**DECISION AND ORDER DENYING INJUNCTION (Motions Nos. 6 and 7)**

**APPEARANCES**:
    Paul DerOhannesian, Esq., Joseph Burns, Esq., and John Ciampoli, Esq., *for Claudia Tenney*
    Bruce Spiva, Esq., Henry Brewster, Esq., Martin Connor, Esq., Alexander Tischenko, Esq., and Alexi Velez, Esq., *for Anthony Brindisi*
    Richard Mitchell, Esq., *for Oswego County Board of Elections*
    Robert Pronteau, Esq., Vincent Rossi, Esq., and John Dillon, Esq., *for Oneida County Board of Elections*
    Karen Howe, Esq., *for Cortland County Board of Elections*
    Tina Marie Wayland-Smith, Esq., *for Madison County Board of Elections*
    Robert Behnke, Esq., *for Broome County Board of Elections*
    Peter De Wind, Esq., *for Tioga County Board of Elections*
    Lorraine Lewandrowski, Esq., *for Herkimer County Board of Elections*
    Alan Gordon, Esq., *for Chenango County Board of Elections*
    Kimberly Galvin, Esq., and Nicholas Cartagena, Esq., *for New York State Board of Elections*

This is a special proceeding pursuant to Election Law § 16-106 seeking judicial review of the Respondent Boards of Elections' rulings on the validity of absentee and affidavit ballots in the 2020 general election for Member of Congress in New York's 22nd Congressional District. Petitioner Claudia Tenney, the Republican candidate, and her Democratic opponent, Respondent Anthony Brindisi, collectively challenged 1,196 of the Boards' rulings during the canvasses. By Orders filed on January 29, 2021 and February 2, 2021 (NYSCEF Docs. 187, 188, 209 and 210), this Court: (1) ruled upon the merits of those challenges and made a determination as to the validity of all ballots before the Court; (2) vacated the preliminary injunction that had temporarily enjoined certification (NYSCEF Doc. 64); and (3) directed the Respondent Boards to certify the election results. With those Orders filed, the proceedings in Oswego County Supreme Court were fully concluded. Both candidates have appealed.

Respondent Brindisi now moves by Order to Show Cause for an injunction to stay final certification until all appeals are completed. Pending the return of his motion, this Court issued a Temporary Restraining Order staying certification by the Oneida County Board of Elections pursuant to CPLR 6313 because of the possibility of irreparable harm (NYSCEF Doc. 211). The other local Boards certified their results, and all local Boards have reported their final tallies. Petitioner Tenney, in turn, moves by Order to Show Cause for an order directing final certification of the election results by the Oneida County and New York State Boards of Elections (NYSCEF Doc. 215). For the reasons set forth below, Brindisi's motion is **DENIED,** and Tenney's motion is **GRANTED**. The Oneida County and New York State Boards of Elections are hereby **ORDERED** to complete their general election certifications.

1

## I.

### A.

326,566 people voted in the 2020 general election in New York's 22nd Congressional District across all, or part, of eight counties in southern and central New York. Following the canvassing, casting and counting of every single valid ballot, including the final adjustments on February 1, 2021, Claudia Tenney received 156,098 votes on the Republican and Conservative Party lines, and Anthony Brindisi received 155,989 votes on the Democratic, Working Families and Independence Party lines (there were also 6,780 votes for Libertarian candidate Keith Price, and 7,699 blank, void or write-in votes). Those are the final election results in New York's 22nd Congressional District race, barring any changes on appeal. Tenney leads Brindisi by 109 votes.

### B.

Hours after the polls closed on Election Day, Tenney – joined shortly thereafter by Brindisi – asked this Court to intervene and immediately secure the ballots in the congressional race, preserving their rights to ensure that the election was conducted properly and to subsequently challenge any of the election officials' rulings on the validity of the ballots (NYSCEF Doc. 21). 93 days have passed since then and, during that time, the Boards of Elections were ordered to also secure all election records (NYSCEF Doc. 70), as well as search all areas under their control to ensure that each and every ballot was accounted for (NYSCEF Docs. 110, 11). On three separate occasions, ballots were remanded to the Boards of Elections for the correction of canvassing errors (NYSCEF Docs. 110, 111, 153, 173).

The Court heard 11 days of testimony from 19 witnesses, received 1,814 exhibits (along with 29 written evidentiary proffers, and several more oral ones), and resolved all 1,196 ballot challenges. Both candidates fully participated in the proceedings through preeminent counsel, and were permitted to obtain all evidence requested (NYSCEF Doc. 40); as well as advance, and preserve, every legal argument on behalf of their clients. All canvasses were open to the public, and every proceeding of the Court was streamed live to multiple viewing terminals throughout New York State. All decisions and orders were released publicly. This proceeding was conducted as openly and transparently as possible.

During the process, 35 missed votes were correctly tabulated in Herkimer County, and 46 valid ballots that had been misplaced by the Broome and Chenango County Boards of Elections – along with 1,093 valid ballots that were improperly rejected by the Oneida County Board of Elections – were counted. No votes cast by dead people were counted. The only claim of voter fraud (involving one individual who, for unknown reasons, submitted two ballots) was rejected on its face for insufficient proof, though the challenged ballots were ultimately rejected for other reasons. There are no unresolved discrepancies with the machine counts from the Boards' December canvasses, and there were no discrepancies with the machine counts in the manual audit tallies from the Boards' November canvasses, which were conducted and provided to the candidates (*see e.g.* NYSCEF Doc. 223). As a result of this special proceeding, every single valid vote that was cast in New York's 22nd Congressional District has been accounted for, and counted.

In addition to the valid ballots, both candidates advanced legal arguments seeking to change certain existing laws that would make otherwise invalid ballots valid. While the reasoning behind several of these arguments may be sound, those are decisions that

3

must be left to, and made by, the Legislature; not the Courts. The integrity of our electoral system is built upon the fundamental principle that no Court can change the law to turn an invalid ballot into a valid ballot, regardless of how meritorious the reasoning may be (*Gross v Albany County Bd. of Elections*, 3 NY3d 251, 258 [2004]). Voters – not judges – decide who wins an election. This means that a judge in an election law proceeding must do nothing more, and nothing less, than ensure the strict and uniform application of the provisions of the Election Law as it is written. Judges must remain fiercely independent, free of political influence and unmoved by public or private threats.

### C.

Every candidate for public office deserves competent and skilled election administration, in accordance with the law. The record in this election reflects that both candidates suffered the effects of systemic violations of state and federal election laws. In particular, on election day, voters were not consistently directed to their proper polling sites, nor were they always advised of their right to seek a court order authorizing them to vote, even after a written warning from the district administrative judge. This is particularly troubling because, in Oneida County, over 2,400 timely voter registration applications were not processed before election day, and thousands of eligible voters' names did not appear in the poll books. No one will ever know how many individuals, when told by a poll worker that they were not listed in the poll book, simply walked away from their polling site without casting an affidavit ballot, or seeking a court order from one of the available on-call judges. And after election day, over 1,500 affidavit ballots were simply administratively rejected in Oneida County without canvassing or first reviewing the official state-wide voter registration database or the Boards' own records.

4

While this Court can direct a Board of Elections to correct a canvassing error, it cannot investigate or respond to these systemic infringements upon voters' rights, nor hold public officials accountable for not following the law. That is the role and responsibility of the State Board of Elections, the United States Department of Justice, and the Governor (Election Law §§ 3-200[7], 3-102; 52 U.S.C. § 20510). This Court also does not have the authority – regardless of the seriousness of the problems in this election – to order the Boards of Elections to conduct a recount, or to hold a new election (*Lester v Grunner*, 205 Misc 67, 72 [Sup Ct Ulster Cty 1953]). While the Legislature recognized this limitation and changed the law permitting recounts for elections held in 2021 and beyond (Election Law § 9-208[4]), there is nothing more that this Court can do in its limited role with respect to the 2020 election. Only the House of Representatives can order a new election or recount in this race (Procedures for Contested Elections https://crsreports.congress.gov/product/pdf/RL/RL33780, pp.13-16).

## II.

This special proceeding is over, and both candidates have appealed (NYSCEF Docs. 165, 178 and 228). Brindisi now seeks an injunction restraining the Oneida County and State Boards of Elections from performing their remaining statutory duties, pending completion of the appeals. Although Brindisi's papers refer to his request as a motion for a stay of this Court's January 29, 2021 Order pursuant to CPLR 5519(c) (NYSCEF Doc. 211, 224), it is not. A stay would be entirely ineffective at this point because the Court's November 25, 2020 Order granted a preliminary injunction that only preserved the status quo while the action was pending (NYSCEF Doc. 64). That Order, and the preliminary injunction it granted, automatically expired the moment the January 29 and February 2, 2021 Orders finally determining the underlying merits of the proceeding were filed (*Heisler v Gingras*, 238 AD2d 702, 703 [3d Dept 1997]).

5

NYSCEF DOC. NO. 230
INDEX NO. EFC-2020-1376
RECEIVED NYSCEF: 02/05/2021

Case 1:20-cv-12080-MLW   Document 33-1   Filed 02/09/21   Page 7 of 9

At this juncture, now that the judicial review is complete, the only possible way for Brindisi to stop certification of the election results, and prevent the Boards from fulfilling their statutory duties, is to request a new injunction. To obtain such relief, Brindisi must establish, by clear and convincing evidence: (1) a likelihood of success on the merits of his appeal; (2) the prospect of irreparable harm if an injunction is not granted; and (3) a balance of the equities in his favor (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216 [4th Dept 2009]). Only where all three elements have been established, does a Court have the discretion to determine whether or not to issue an injunction (*Marietta Corp. v Fairhurst*, 301 AD2d 734, 736 [3d Dept 2003]).

Here, this Court need not address Brindisi's likelihood of success on appeal, nor the balancing of equities – including the ongoing harm to nearly 700,000 unrepresented constituents in the 22nd Congressional District – because, as a matter of law, there is no prospect of irreparable harm. Specifically, certification of the election results does not prevent Brindisi from directly challenging the election in the House of Representatives, and potentially unseating Tenney, under the Federal Contested Elections Act (2 U.S.C. §§ 381 *et seq*). This is because it is the House of Representatives – and not the New York State Unified Court System, or even the New York State Board of Elections – that sits as the final judge of the elections of its members (U.S. Const. Art. 1, § 5; *Roudebush v Hartke*, 405 US 15, 25-26 [1972]). Indeed, the House now has, as it has had since the start of this proceeding, the sole authority to seat or refuse to seat Tenney or Brindisi, or to seat one of them conditionally during the course of this litigation, including any appeals, (*Roudebush*, 405 US at 18). The House also has the constitutional authority to remove a seated member, if not truly the lawful winner of an election (2 U.S.C. §§ 381 *et seq*).

Moreover, as counsel for Tenney acknowledged during oral argument, certification does not render Brindisi's appeal in the New York State Courts moot, because the local Boards of Elections remain subject to the authority of the Appellate Division or Court of Appeals to direct the filing of amended certifications, which can then be presented to the House of Representatives for consideration in its review of this election (Election Law § 9-219[1]; *Roudebush*, 405 US at 25-26). There is no question that the Courts of this State – including the Appellate Courts – have the continuing obligation to ensure that the elections under their purview are properly and fairly conducted, even after certification (*Amedore v Peterson*, 102 AD3d 995, 998 (3d Dept. 2013). Accordingly, as there is no prospect of irreparable harm here, this Court has no authority to issue an injunction, and Respondent Brindisi's request for relief must be denied.

### III.

Accordingly, it is hereby

**ORDERED** that Respondent Anthony Brindisi's motion for an injunction staying certification of the election pending completion of all appeals is **DENIED**; and it is further

**ORDERED** that Petitioner Claudia Tenney's motion seeking certification of the election is **GRANTED**; and it is further

**ORDERED** that the Oneida County Board of Elections shall immediately certify the General Election results for New York State's 22nd Congressional District in Oneida County and transfer the official certification to the New York State Board of Elections; and it is further

7

**ORDERED** that the New York State Board of Elections shall certify the General Election results for New York State's 22nd Congressional District, and transfer the official certification as required under law.

Dated: February 5, 2021

_____
HON. SCOTT J. DELCONTE, J.S.C.

**ENTER.**

**PAPERS CONSIDERED**

1. Order to Show Cause of Respondent Anthony Brindisi, entered February 2, 2021 (NYSCEF Doc. 211, Motion No. 6);

2. Affirmation in Support of Respondent Brindisi's Proposed Order to Show Cause of Henry J. Brewster, Esq., affirmed February 1, 2021 (NYSCEF Doc. 197, Motion No. 6);

3. Affidavit of Lucy MacIntosh, sworn to February 1, 2021 (NYSCEF Doc. 198, Motion No. 6);

4. Exhibits 1 through 19 of Respondent Anthony Brindisi's Memorandum of Law (NYSCEF Doc. 200, Motion No. 6);

5. Order to Show Cause of Petitioner Claudia Tenney, entered on February 3, 2021 (NYSCEF Doc. 215, Motion No. 7);

6. Affirmation of John Ciampoli, Esq., affirmed February 2, 2021 (NYSCEF Doc. 213, Motion No. 7);

7. Affidavit of Laura J. Brazak and Carol M. Bickford, Commissioners of Respondent Oswego County Board of Elections, sworn to February 4, 2021, with Exhibits A through D, attached (NYSCEF Docs. 219-223, Motion Nos. 6 and 7);

8. Exhibits 1 and 2 of Respondent Anthony Brindisi's Response to the Order to Show Cause (NYSCEF Doc. 224, Motions Nos. 6 and 7); and

9. Affirmation of Paul DerOhannesian II, affirmed February 4, 2021, with Exhibits A through C, attached (NYSCEF Doc. 227, Motions Nos. 6 and 7).