UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,            )
    Plaintiff,                  )
                                )
        v.                       )   C.A. No. 1:20-12080-MLW
                                )
WILLIAM FRANCIS GALVIN, in his  )
official capacity as the        )
Secretary of the Commonwealth   )
of Massachusetts, and           )
CHARLES   D.   BAKER,   in   his )
official capacity as Governor
of Massachusetts,
    Defendants.

MEMORANDUM AND ORDER

WOLF, D.J.                                September 10, 2021

I.   SUMMARY

    Plaintiff, former candidate for the United States Senate Dr. Shiva Ayyadurai, brought this case challenging the integrity of the September 2020 Massachusetts Republican Primary Senate Election (the "Primary Election"), and by extension the November 2020 Massachusetts General Senate Election (the "General Election"). He alleges that the Massachusetts Secretary of State, William Francis Galvin, engaged in election fraud by using a computer algorithm to tilt the results of the Primary Election in his opponent's favor. Plaintiff has moved for a preliminary injunction compelling a hand-recount of the Primary Election and decertifying the results of the General Election. Defendants

Secretary Galvin and Governor Charles Baker have moved to dismiss plaintiff's Amended Complaint on several grounds.

Because plaintiff is proceeding pro se, the court has liberally construed his pleadings.  Nevertheless, the Amended Complaint must be dismissed.

The court concludes that it lacks subject matter jurisdiction to decide the merits of plaintiff's allegations.  Plaintiff asks the court to grant him injunctive relief based on Secretary Galvin's alleged violations of federal law during the Primary Election.  The Eleventh Amendment to the United States Constitution bars that requested relief and deprives the court of jurisdiction to grant it.

Accordingly, defendants' Motion to Dismiss is being allowed and plaintiff's Motion for a Preliminary Injunction is being denied.

II.   BACKGROUND

In January 2019, plaintiff launched his campaign as a Republican candidate for the United States Senate.  See Amended Complaint (Dkt. No. 22) at 20.  His primary opponent was Kevin O'Connor.  See id.

The Primary Election was held on September 1, 2020.  See id. The reported results showed that plaintiff won Franklin County by approximately 10% of the vote and lost all other counties in Massachusetts by a ratio of approximately 60%-40%.  See id. at 20-

2

21; see also Secretary of the Commonwealth of Massachusetts, 2020
U.S.    Senate    Republican    Primary,    available    at
https://electionstats.state.ma.us/elections/view/139800/.

Plaintiff did not concede.  Nor did he request a recount of
the Primary Election under Massachusetts General Laws ch. 54, §135.
Instead, plaintiff ran a write-in campaign for election in the
November 2020 General Election.  See Amended Complaint at 21; see
also Secretary of the Commonwealth of Massachusetts, 2020 U.S.
Senate    General    Election,    available    at
https://electionstats.state.ma.us/elections/view/140755/.

Plaintiff also began investigating whether there were any
irregularities in the Primary Election. See Amended Complaint at
21.  On September 9, 2020, plaintiff went to Secretary Galvin's
office to deliver a public records request concerning whether the
Secretary stored all digital ballot images from the Primary
Election. See id. at 21.  On September 24, 2020, he was informed
by the Massachusetts Elections Director, Michelle Tassinari, that
pursuant to Massachusetts state law, Secretary Galvin's office did
not collect or store ballot images. See id. at 23-24.

The General Election was held on November 1, 2020.  Incumbent
Senator Edward Markey defeated Kevin O'Connor with approximately
64% of the vote.  See Secretary of the Commonwealth of
Massachusetts, 2020 U.S. Senate General Election, available at
https://electionstats.state.ma.us/elections/view/140755/.

3

Plaintiff received 21,134 votes – less than 1% of all ballots cast. See id.

Plaintiff, acting pro se, filed the original Complaint in this case on November 20, 2020. See Dkt. No. 1. On November 23, 2020, he filed an Emergency Motion for a Preliminary Injunction that would, if issued, have stayed certification of the results of the General Election and ordered a hand recount of both the Primary and General Election votes. See Dkt. No. 6. On November 25, 2020, while the Emergency Motion for a Preliminary Injunction was pending, Governor Baker certified the results of the General Election. See Affidavit of Michelle Tassinari (Dkt. No. 129-1) at 2-3. On December 5, 2020, Secretary Galvin filed an Opposition to the Emergency Motion for a Preliminary Injunction, see Docket No. 20, and a Motion to Dismiss, see Docket No. 17,

As the court stated in its December 16, 2020 Memorandum and Order, plaintiff's Complaint was deficient in several respects. See Dkt. No. 21. His claims may already have been moot because Governor Baker had certified the results of the General Election on November 25, 2020. See id. at 2. Plaintiff had also failed to plead a plausible claim for which relief could be granted because the Complaint only alleged that Secretary Galvin had failed to preserve ballot images in violation of 52 U.S.C. §§20701-20702, which do not provide a private right of action. See id. at 3. Moreover, because plaintiff had not sued Governor Baker, the court

4

could not have issued meaningful injunctive relief.  See id. at 3-
4.  However, in part because plaintiff was acting pro se, the court
did not dismiss the Complaint without prejudice.  See id. at 5.
Instead, the court ordered plaintiff to file an Amended Complaint
"adding any necessary party or parties, clarifying his claims, and
stating whatever relief he now seeks."  Id. at 5.

On December 25, 2020, plaintiff filed an Amended Verified
Complaint.  See Dkt. No. 22 (the "Amended Complaint").  He also
then filed a new Motion for a Preliminary Injunction seeking
decertification of the General Election and an order requiring a
court-supervised hand count of the paper ballots for the Primary
Election.  See Dkt. No. 23 (the "Motion for Preliminary
Injunction").

The Amended Complaint pleads one count, pursuant to 42 U.S.C.
§1983, for alleged violation of the one person, one vote principle
of the Equal Protection Clause of the Fourteenth Amendment to the
United States Constitution.  See Amended Complaint at 3, 27 (citing
Reynolds v. Sims, 377 U.S. 533 (1964)).  The essence of plaintiff's
Equal Protection claim is that Secretary Galvin allegedly used
computer algorithms to dilute each vote for plaintiff to 0.66 of
one vote, while increasing each vote cast for Kevin O'Connor to
1.2 votes, thus fraudulently manufacturing victory for O'Connor.
See id. at 1.  Plaintiff claims that this was possible because the
ballot tabulation software used by the Commonwealth included a

"weighted race" feature which can assign values greater than or less than one to each vote. See id. at 22, 27; see also Plaintiff's Affidavit in Support of Amended Complaint (Dkt. No. 22-6) at 26-29. He contends that if the votes for him and O'Connor were not distorted in this way, he would have won the Primary Election with approximately 53% of the vote. See id. at 35. Plaintiff further alleges that after the Primary Election Secretary Galvin failed to preserve the digital ballot images created by the machines that tabulated the votes cast. See id. at 10. He claims that this makes it impossible to conduct an electronic audit of the vote and raises further doubt about the reliability of the election results. See id. at 26.

On January 3, 2021, then Vice President Michael Pence, acting as the President of the Senate, administered the oath of office to Edward Markey and swore him in as a United States Senator for the Commonwealth of Massachusetts. See "Administration of Oath of Office." Congressional Record 167:1 (Jan. 3, 2021) p. S4-5.

On January 8, 2021, defendants filed an Opposition to the Motion for Preliminary Injunction (Docket No. 30) ("Defendants' Opposition") and moved to dismiss the Amended Complaint (Docket No. 28) (the "Motion to Dismiss"). They argued that the Amended Complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule (12)(b)(1)") because the court lacks subject matter jurisdiction; under Rule 12(b)(6) of the

6

Federal Rules of Civil Procedure ("Rule (12)(b)(6)") because plaintiff failed to state a plausible claim for which relief could be granted; and under Rule 9(b) of the Federal Rules of Civil Procedure because plaintiff did not plead his fraud claims with particularity. See Motion to Dismiss at 1.

Plaintiff filed an Opposition to the Motion to Dismiss (Docket No. 31) ("Plaintiff's Opposition") and Reply in Support of his Motion for Preliminary Injunction (Docket No. 32) ("Plaintiff's Reply") on January 22, 2021. On February 9, 2021, plaintiff requested that the court take judicial notice of an additional case, Tenney v. Oswego Cty. Bd. of Elections, 142 N.Y.S.3d 323, 324 (N.Y. Sup. Ct. 2021), which concerned an election challenge under New York state law. See Request for Judicial Notice (Dkt. No. 33). On May 4, 2021, he filed supplemental affidavits from individuals alleging voter fraud in different regions of the United States as support for his Opposition to the Motion to Dismiss. See Supplemental Affidavits (Docket No. 34).

III. DISCUSSION

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995). For the reasons discussed

below, the court is allowing the Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

"In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction." Pataud v. United States Citizenship & Immigr. Servs., Bos. Field Off., 501 F. Supp. 3d 22, 25 (D. Mass. 2020) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). See also Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003) ("The party invoking federal jurisdiction has the burden of establishing that it exists").

Here, defendants bring a "sufficiency challenge" to plaintiff's claim of subject matter jurisdiction. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). A sufficiency challenge "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. "In performing this task, the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." Id.

As plaintiff is proceeding pro se, his pleadings must be liberally construed. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Instituto de Education Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000). "[T]echnical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized by the district court to determine if any legally cognizable claim can be found within the four corners of the plaintiff's document." Wright & Miller, 5 Fed. Prac. & Proc. Civ. §1286 (3d ed. 2020). However, this leniency "does not require the [] court to fabricate a claim that a plaintiff has not spelled out in the complaint." See id.

Even construing the Amended Complaint liberally, the court concludes that plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It prohibits the citizens of foreign countries from maintaining a suit in federal court against a State. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97-100 (1984) (Pennhurst II); Quern v. Jordan, 440 U.S. 332, 342 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974). This sovereign immunity generally bars a plaintiff

9

from seeking any remedy against a State or its instrumentalities in federal court unless that State has unambiguously waived its immunity.   See Will v. Michigan Department of State Police, 491 U.S. 58, 69-71 (1989); Edelman, 415 U.S. at 673 (waiver of Eleventh Amendment immunity must be so unambiguous as to only have one reasonable construction).

However, the Eleventh Amendment does not prohibit suits against state officers for prospective relief for violations of federal law. See Pennhurst II, 465 U.S. at 102-06; Ex Parte Young, 209 U.S. 123, 159-60 (1908). "In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002).

As the Supreme Court has explained, the Ex Parte Young exception:

> has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past
> ***
> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant . . . . On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment.

B.H. Papasan v. Allain, 478 U.S. 265, 277-78, (1986) (Footnote omitted). The First Circuit has also recognized that "[t]he pivotal question is whether the relief serves directly to bring an end to a present violation of federal law." Whalen v. Massachusetts Trial Court, 397 F.3d 19, 29 (1st Cir. 2005) (internal marks omitted).

In this case, plaintiff alleges only that Secretary Galvin violated his federal rights one time – when he allegedly fraudulently distorted and miscounted the votes received by plaintiff and his opponent concerning the Primary Election. Although he claims that this alleged conduct tainted the results and certification of the General Election, he does not allege that Secretary Galvin or others acting in concert with him committed further violations of federal law during the General Election. Nor does plaintiff allege that they are now engaging in such unlawful conduct. Because plaintiff is seeking a remedy for a single alleged past violation of federal law rather than to end an alleged ongoing, present violation, his claim is barred by the Eleventh Amendment and his case must be dismissed. See B.H. Papasan, 478 U.S. at 277-78; Whalen, 397 F.3d at 29; Bowyer v. Ducey, 506 F.Supp.3d 699, 716 (D. Ariz. 2020) ("The relief requested—compelling the Governor to decertify the election—[] seeks to alter past conduct. Plaintiffs have not identified an ongoing violation to enjoin."); King v. Whitmer, 505 F. Supp. 3d

11

720, 729 (E.D. Mich. 2020) (request to decertify the 2020 election barred by Eleventh Amendment because plaintiffs "are seeking to undo what has already occurred"); Feehan v. Wisconsin Elections Comm'n, 506 F.Supp.3d 596, 616-17 (E.D. Wis. 2020) (finding a request to decertify 2020 election barred by Eleventh Amendment and stating that "saying that a completed event is an ongoing violation doesn't make it so").

In view of the foregoing, it is hereby ORDERED that:

1.   Defendants' Motion to Dismiss (Docket No. 28) is ALLOWED.

2.   Plaintiff's Amended Complaint (Docket No. 22) is DISMISSED.

3.   Plaintiff's Motions for a Preliminary Injunction (Docket Nos. 6, 23) are MOOT.

UNITED STATES DISTRICT JUDGE